# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32694 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jennesis V. DOMINGUEZ-GARCIA**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 31 May 2024

————————————

*Military Judge*: Mark W. Milam; Tyler B. Musselman (remand).

*Sentence*: Sentence adjudged 14 April 2021 by SpCM convened at Robins Air Force Base, Georgia. Sentence entered by military judge on 30 April 2021: Bad-conduct discharge, confinement for 7 days, reduction to E-1, and a reprimand. Sentence reentered on 14 September 2023: no punishment.

*For Appellant*: Major David L. Bosner, USAF; Captain Samantha M. Castanien, USAF; Megan P. Marinos, Esquire; Angel Gardner (Legal Extern).[*]

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

————————————

———————

[*] Ms. Gardner was supervised by an attorney admitted to practice before the court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————————

PER CURIAM:

Appellant's case is before us a second time. In an earlier opinion, this court affirmed the findings but set aside the sentence, remanded the case to The Judge Advocate General, and authorized a rehearing. *United States v. Dominguez-Garcia*, No. ACM S32694, 2022 CCA LEXIS 582 (A.F. Ct. Crim. App. 11 Oct. 2022) (unpub. op.). On 17 November 2022, The Judge Advocate General returned the case to the convening authority for further processing consistent with our opinion. On 29 August 2023, the convening authority determined a rehearing on sentence was impracticable, and approved a sentence of no punishment.

After remand, Appellant raises one issue: "whether the misapplication of 18 U.S.C. § 922 to Appellant unconstitutionally deprived her of her right to bear arms based on her nonviolent conviction at a special court-martial." We have carefully considered this issue, and determine no discussion or relief is warranted. *United States v. Guinn,* 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987)); *see United States v. Vanzant*, ___ M.J. ___, No. ACM 22004, 2024 CCA LEXIS 215, at * 28 (A.F. Ct. Crim. App. 28 May 2024) ("The firearms prohibition remains a collateral consequence of the conviction, rather than an element of the findings or sentence, and is therefore beyond our authority to review.").

The court previously affirmed the findings. The sentence as entered on 14 September 2023 is correct in law, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the sentence is **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court